**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| General Hugh Tant, | ) | C/A No. 2:06-MC-04-DCN |
| | ) | |
| Third-Party Movant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| United States ex rel., DRC, Inc., et al., | ) | **ORDER** and **OPINION** |
| | ) | |
| Plaintiffs/Relators, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Custer Battles, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Relators, United States ex rel., DRC, Inc., et al. issued this subpoena under 31 U.S.C. § 3731 for General Hugh Tant, a non-party witness, to appear in court to testify at trial in the underlying Civil False Claims Act case of United States ex rel. DRC, Inc. et al. v. Custer Battles, LLC, et al., No. 04-CV-0199, pending in the U.S. District Court for the Eastern District of Virginia.  General Tant has already participated in a video deposition in Charleston, South Carolina in the fall of 2005.  General Tant moves to quash the subpoena on the basis that it subjects him to undue burden.  Relators oppose his motion to quash.

The False Claims Act, 31 U.S.C. §3729, et seq., contains its own procedural section which provides, "A subpoena requiring the attendance of a witness at a trial or hearing conducted under section 3730 of this title may be served at any place in the United States."  31 U.S.C. §3731(a).  Pursuant to this section, relators issued a subpoena from the district where General Tant resides, the District of South Carolina, to compel

him to appear at the trial in the Eastern District of Virginia. However, the Federal Rules of Civil Procedure clearly state that "[a] subpoena commanding attendance at a trial or hearing shall issue from the court for the district in which the hearing or trial is to be held." Fed. R. Civ. P. 45(a)(2) (emphasis added).

The United States Supreme Court has held that the Federal Rules of Civil Procedure are to be given their "plain meaning, and generally with them as with a statute, '[w]hen we find the terms . . . unambiguous, judicial inquiry is complete.'" Pavelic & LeFlore v. Marvel Entm't Group, 493 U.S. 120, 123 (1989) (quoting Rubin v. United States, 449 U.S. 424, 430 (1981)). Rule 45(a)(2) "requires that subpoenas 'shall' issue from the court for the district in which [the trial is to be held.]" Echostar Communications Corp. v. The News Corp. Ltd., 180 F.R.D. 391, 397 (D. Col. 1998). This conclusion makes sense, because the district that issues the subpoena is the proper forum for later enforcing the subpoena, see Fincher v. Keller Indus., Inc., 129 F.R.D. 123, 125 (M.D.N.C. 1990), and the Eastern District of Virginia is in a much better position than this court to enforce the subpoena at issue. Because relators did not "comply with the mandates of this rule," Echostar, 180 F.R.D. at 397, this court finds the subpoena to be invalid.

It is therefore, **ORDERED**, for the foregoing reasons, that General Tant's motion to quash is **GRANTED**.

**AND IT IS SO ORDERED**.

                                              **David C. Norton**
                                              **United States District Judge**

**February 7, 2006**
**Charleston, South Carolina**